924 A.2d 524

IN THE MATTER OF LOUIS A. CAPAZZI, JR., AN ATTORNEY
AT LAW (ATTORNEY NO. 019231990).

June 19, 2007.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–320, concluding on the basis of a disciplinary stipulation that **LOUIS A. CAPAZZI, JR.,** of **ORADELL,** who was admitted to the bar of this State in 1990, should be suspended from the practice of law for a period of one year for violating *RPC* 8.4(b)(commission of a crime that reflects adversely on a lawyer's honesty, trustworthiness and fitness as a lawyer), *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation) and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And the Court having determined from its review of the matter that the appropriate discipline for respondent's unethical conduct is a one-year suspension from practice retroactive to the date on which the terms of respondent's participation in the pretrial intervention program prohibited his practice of law for a period of one year;

And good cause appearing;

It is ORDERED that **LOUIS A. CAPAZZI, JR.,** is suspended from the practice of law for a period of one year, retroactive to December 13, 2005, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files

proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.